# Gilmer's Executor *v.* Purgason.

*Action on Promissory Note, by Payee's Executors against Maker.*

*Grant of letters testamentary during recent war.* — An executor, to whom letters testamentary were granted by the probate court of the proper county in this State during the recent war, and who thereupon instituted an action, after the close of the war, to recover assets belonging to his testator's estate, may continue such action by virtue of new letters, granted to him since its commencement, by the proper probate court of the present government.

APPEAL from the Circuit Court of Chambers.

Tried before the Hon. L. B. STRANGE.

This action was brought by B. S. Bibb and Jefferson Falkner, as executors of the last will and testament of William B. S. Gilmer, deceased, against Alfred B. Purgason ; was founded on the defendant's promissory note for $324, dated the 18th day of January, 1861, and payable on the 1st day of January, 1862, to said W. B. S. Gilmer or bearer ; and was commenced on the 9th day of February, 1869. The will of said Gilmer was duly proved, and admitted to probate, by the probate court of said county of Chambers, on the 13th day of February, 1865 ; and the plaintiffs' letters testamentary were granted by said probate court on the 23d day of June, 1865. On the 28th day of July, 1871, new letters testamentary were granted to the plaintiffs by said probate court. Afterwards, said B. S. Bibb made a final settlement of his accounts as executor, in the chancery court at Montgomery, and resigned the trust ; and on the suggestion of this fact to said court in which this suit was pending, at its October term, 1872, it was ordered that the cause thenceforward should stand and be prosecuted in the name of said Falkner alone. The defendant filed a special plea of *ne unques executor*, alleging that the plaintiffs' letters testamentary were illegal, null, and void, because granted by a court which was acting under the illegal government then existing in Alabama in rebellion against the government of the United States, and which, for that reason, had no jurisdiction to grant said letters. To this plea the plaintiffs specially replied, setting up the new grant of letters to them as above stated ; to which the defendant rejoined, " in short by consent," that said Gilmer's will had never been admitted to probate by any court having jurisdiction. The plaintiffs demurred to this rejoinder, but the court overruled the demurrer ; and issue was then joined on it. On the trial, as the bill of exceptions shows, the plaintiff (said Falkner) offered in evidence a certified transcript from the records of the probate court of Chambers, showing that said Gilmer's will was admitted to probate, on due proof of its execution, &c., on the 15th Feb-

[Gilmer's Executor *v.* Purgason.]

ruary, 1865, and again on the 28th July, 1871. On motion of the defendant, the court excluded this transcript from the jury, and also the second grant of letters testamentary to said Bibb and Falkner. In consequence of these rulings, to which exceptions were reserved, the plaintiff was compelled to take a nonsuit ; which he now moves to set aside, assigning the adverse rulings of the court as error.

J. FALKNER, with WATTS & TROY, for appellant.

E. G. RICHARDS, *contra.*

BRICKELL, J. — The only question presented by this record is, whether an executor, obtaining letters testamentary during the recent war, from a court of probate in this State having authority to grant them, who instituted suit for the recovery of the assets of his testator, can continue such suit by virtue of new letters granted to him during its pendency, and since the organization of the present state government, by the court of probate having jurisdiction ? This question must be answered affirmatively. In *Bibb & Falkner* v. *Avery* (45 Ala. 691), it was held by this court, that the probate of a will, and the grant of letters testamentary, obtained in this State in 1865, during the war, were to be regarded as the judicial acts of a foreign court, under a foreign government, not conferring on the executor the right to maintain suits in the courts of the present government. To maintain such suits, the executor must obtain new letters from the proper jurisdiction of the present government. These new letters, when obtained, it was declared, should be considered in the nature of an administration *de bonis non.* Treating such new grant as an administration *de bonis non*, the legal consequence is the right of the administrator *de bonis non* to continue and prosecute in his own name all suits commenced by the predecessor in the administration, for the recovery of the assets of the testator. On him the title to such assets devolves by operation of law.

The rulings of the circuit court were adverse to this view ; and the judgment of nonsuit is therefore set aside, and the cause remanded.